UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In RE: INGRID OLSEN,                                        :    Chapter 11
                                                            :
                              Debtor,                       :    Case No. 04-41105 (RDD)
                                                            :
------------------------------------------------------------x
                                                            :
REYNOLD OLSEN and INGRID OLSEN,                             :
                                                            :
                              Appellants,                   :
                                                            :    05 Civ. 4592 (GEL)
          -v-                                               :
                                                            :    **OPINION & ORDER**
ROBINSON BROG LEINWAND                                      :
GREENE GENOVESE & GLUCK P.C.,                               :
                                                            :
                              Appellee.                     :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

  Ingrid Olsen, debtor in the underlying Chapter 11 proceeding, and her husband Reynold Olsen, appeal from a March 14, 2005 order of the United States Bankruptcy Court for the Southern District of New York (Blackshear, *B.J.*),[1] granting an application for fees filed by the law firm Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog"), based on legal services rendered to Reynold.  Because Robinson Brog was not authorized to file the fee application, the Bankruptcy Court's order is vacated in part and this case is remanded for further proceedings.

---

  [1] On March 31, 2005, Judge Blackshear retired from the bench, and this case was reassigned to Hon. Robert D. Drain.

## BACKGROUND

On April 20, 2004, Ingrid Olsen filed a petition for relief under Chapter 11 of the Bankruptcy Code. In the course of her Chapter 11 proceeding, a co-operative apartment owned by Ingrid and her husband Reynold was sold at an auction ordered by the Bankruptcy Court. The proceeds of the sale were held in escrow by Robinson Brog, a law firm retained by Reynold to represent his interests in connection with the disposition of those proceeds.

Subsequently, Robinson Brog submitted an application requesting compensation for services rendered to Reynold in connection with the sale, pursuant to 11 U.S.C. § 503. Section 503, under certain circumstances, permits payment from the debtor's estate of "reasonable compensation for professional services rendered by an attorney" to a creditor, and "reimbursement for actual, necessary expenses by such attorney." § 503(b)(4). While the application was made in Reynold's name (App. of Robinson Brog, Jan. 31, 2005, at 4), Reynold objected to Robinson Brog's request at a hearing on the application (Hearing Transcript, March 9, 2005 at 48-51 [hereinafter "Tr."]).

Ultimately the Bankruptcy Court granted the application, and ordered that Robinson Brog be paid $75,000 out of Ingrid and Reynold's portion of the sale proceeds (which the firm could take directly from escrow). Specifically, the court ordered that

> based upon the surplus funds available for distribution in the Debtor's Estate and to Reynold on account of his interest as a tenant by the entirety in the co-operative apartment previously owned by Reynold and the Debtor and sold at auction in the Bankruptcy Court, Robinson Brog shall be entitled to immediate payment of $75,000, allocated seventy-five (75%) to Reynold's portion of the surplus sale proceeds and twenty-five (25%) allocated to the Debtor's portion of the surplus sales proceeds.

(Order Auth. Fees, March 14, 2005, at 2.)[2]  This appeal followed.

**DISCUSSION**

Appellants raise a number of objections to the award of fees to Robinson Brog, ranging from alleged procedural defects in Robinson Brog's application to accusations of legal malpractice. We need only consider one of these objections – that Robinson Brog was not authorized to file an application for attorneys' fees under section 503.

Section 503(a) provides that "[a]n entity may timely file a request for payment of an administrative expense," including expenses under section 503(b)(3)(D), incurred by "a creditor . . . in making a substantial contribution in a case under chapter 9 or 11." Section 503(b)(4) provides for the payment of "reasonable compensation for professional services rendered by an attorney . . . of an entity who expense is allowable under [section 503(b)(3)(D).]"[3] The most natural reading of these provisions is that the "entity" who may file a request for payment under subsection (a) for attorneys' fees under subsection (b)(4) is the same "entity" whose expense is allowable under subsection (b)(3)(D), i.e., the creditor. Accord, In re Worldcom, Inc., No. 02 B 13533, ex. A, at 6-7

---

[2]  While the Bankruptcy Court's order states that the $75,000 award was to be allocated 75% ($56, 250) to Reynold and 25% ($18,750) to Ingrid, at the hearing on the application, the Judge indicated an allocation of $50,000 to Reynold and $25,000 to Ingrid (Tr. at 51, ln. 18-24). Ingrid's brief recites the allocation specified in the order (Ingrid Olsen's Br. at 2), while Robinson Brog recites the allocation stated by the Judge at the hearing (Appellee's Br. at 1). Because the specific amount allocated to Ingrid or Reynold is not relevant to this appeal, the Court need not resolve this discrepancy in the record.

[3]  In addition to "a creditor," subsection (b)(3)(D) applies to "an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under [11 U.S.C. § 1102.]" Subsection (b)(4) applies to both attorneys and accountants. "Entity" in subsection (b)(4) encompasses those whose expenses are allowable under any part of subsection (b)(3), not only subsection (b)(3)(D).

3

(July 8, 2005) (Order Denying the Request by Akin Gump Strauss Hauer & Feld LLP for Post-petition Pre-appointment Fees Pursuant to 11 U.S.C. Section 503(b)). On this reading, the creditor, and not the creditor's attorney, may apply for the payment of fees from the estate. Of course, "[u]nder certain circumstances, it may be appropriate to consider counsel's application to have been made 'on behalf of' his or her creditor client so that the court may proceed directly to its merits without multiplying proceedings by standing on formalities." In re Oxford Homes, Inc., 204 B.R. 264, 267-68 (Bankr. D. Me. 1997); see also, e.g., In re Am. Preferred Prescription, Inc., 194 B.R. 721, 723-26 (Bankr. E.D.N.Y. 1996) (holding that attorneys' fees under section 503 may not be paid where the creditor at issue does not at least "support the counsel requesting the fees"); In re Glickman, Berkowitz, Levinson & Weiner, P.C., 196 B.R. 291, 295 n.3 (Bankr. E.D. Pa. 1996) (expressing concern that law firm (Fox Rothschild) and not creditor filed request for payment, but stating that "to the extent Fox Rothschild is acting on [the creditor's] behalf, the Court has determined that consideration of the substantive issues underlying their request is appropriate"); 4 Collier on Bankruptcy ¶ 503.11[4] (King et al. eds., 15th rev. ed. 2001) ("While the client may request that the professional seek reimbursement on the client's behalf, it should be kept in mind that the professional is not seeking an award of compensation to him or herself. It is seeking reimbursement on behalf of the client . . . ."). In this case, neither of these conditions was satisfied – the creditor, Reynold Olsen, filed no section 503 application of his own and objected to the application filed by Robinson Brog.

A broader interpretation of section 503 is possible. As Robinson Brog suggests, the "entity" referred to subsection (a) could be read as separate and distinct from the "entity" referred to in subsection (b)(4). If so, a creditor's attorney, acting on his own behalf, would qualify as an "entity"

4

under subsection (a) and could seek payment from the estate. This reading, however, conflicts with the conventional view that "[c]osts like attorneys' fees are awarded not to the lawyer but to the client." Shula v. Lawent, 359 F.3d 489, 492 (7th Cir. 2004) (Posner, *J.*). As pointed out by a leading treatise in discussing section 503(b)(4):

> [I]t should be kept in mind that the professional has been retained by the entity rather than by the estate. The professional does not need to seek, nor is the professional able to seek, authorization of the professional's employment under [11 U.S.C. § 527]. The terms of the professional's retention are a matter between the professional and its client.
>
> The professional is entitled to look only to its client for payment and not to the estate, and it is the responsibility of the client to pay its professionals. While an entity is able to seek reimbursement of its payment obligation from the estate, the granting or denial of an award does not affect the payment relationship between the professional and its client, absent an agreement between them to that effect.
>
> The right to request compensation, therefore, belongs to the client and not to the professional.

4 Collier, supra, ¶ 503.11[4].

The only case supporting Robinson Brog's reading of section 503 is In re Western Asbestos Co., which holds that an attorney may seek fees under section 503 even though no payment obligation has been incurred by the attorney's creditor client. 318 B.R. 527, 530-31 (Bankr. N.D. Cal. 2004). An implication of Western Asbestos's holding is that, at least under certain circumstances, an attorney is entitled to payment under section 503 *in his own right*. The Court rejects this analysis. First, for the reasons discussed above (and ignored by the Western Asbestos court), only a creditor, or an attorney acting on behalf of a creditor, may apply for and receive attorneys' fees under section 503. Where the creditor has incurred no obligation to pay his attorney, that attorney cannot be said to be seeking fees from the estate "on the creditor's behalf." Second, section 503(b)(3) expressly states that it covers "the actual, necessary expenses, other than

5

*compensation and reimbursement specified in paragraph (4) of this subsection, incurred by,*" § 503(b)(3) (emphasis added), "*a creditor* . . . in making a substantial contribution in a case under chapter 9 or 11 of this title," § 503(b)(3)(D) (emphasis added). In this Court's view, the statute contemplates that the fees covered by subsection (b)(4), like those costs covered by subsection (b)(3), will have been "incurred by" a creditor.

For these reasons, Robinson Brog was not authorized to file an application for fees under section 503, and the Bankruptcy Court's award as to Ingrid's share of the sale proceeds is invalid. However, it is not clear that the same is true of the portion allocated to Reynold's share, since section 503 *only* concerns the payment of claims out of the estate of the debtor. As the same Bankruptcy Judge was presiding over Reynold's separate bankruptcy proceeding,[4] the Bankruptcy Court may have had an independent basis for adjudicating the fee dispute between Reynold and Robinson Brog, and for awarding fees from Reynold's portion of the sale proceeds.

Unfortunately, however, neither the hearing transcript nor the Bankruptcy Court's order suggests any statutory basis for the award other than section 503. And even though Reynold expressly challenges the entirety of the $75,000 award on appeal (Reynold Olsen's Br. at 4, 18-19; Appellee's Br. at 8), Robinson Brog argues only that it is entitled to payment under section 503. (Appellee's Br. at 2, 6.) Because the record does not reveal any other rationale for the award as to Reynold, that portion is invalid as well. This Court expresses no view on the merits of any claim by Robinson Brog against Reynold, or on whether the Bankruptcy Court may, on remand, award a fee against Reynold on any basis other than section 503.

---

[4] At the time of the hearing, Reynold had a Chapter 13 case pending before the Bankruptcy Court, which was subsequently dismissed on Reynold's request. (In re Reynold Olsen, No. 03-41454, Order Dismissing Petition with Prejudice, March 18, 2005.)

In closing, the Court recognizes that this case presents an unusual set of facts. In most cases, the interests of lawyer and creditor client are aligned and both will actively seek the payment of the attorney's fees from the estate. Here, the debtor (Ingrid) and creditor (Reynold) are married, and in granting Robinson Brog's application, the Bankruptcy Court may (understandably) have been responding to the concern that Reynold was attempting to avoid paying his lawyers for their work, or reducing the assets available for his other creditors, by sheltering assets in his wife's bankruptcy estate. Indeed, at the same time Reynold objected to Robinson Brog's request for fees from Ingrid, he also sought to authorize Ingrid to retain the full proceeds of the apartment sale (Tr. 7, 50), a proposal that the Bankruptcy Court rejected in the interest of Reynold's creditors (Tr. at 7, 37-38).[5] Such concerns, however, do not authorize a Bankruptcy Court "to create substantive rights that are otherwise unavailable under applicable law." Deutsche Bank AG, London Branch v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.), 416 F.3d 136, 142 (2d Cir. 2005), quoting New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.), 351 F.3d 86, 92 (2d Cir. 2003) (internal quotation marks omitted). This does not mean that Robinson Brog is without recourse to secure its fees and expenses; like any other creditor, if it cannot obtain payment of its fees from Reynold, it may seek relief against him in an appropriate court.

## CONCLUSION

For the foregoing reasons, the order of the Bankruptcy Court is VACATED insofar as it granted Robinson Brog's section 503 application for attorneys' fees, in the amount of $75,000, and

---

[5] Reynold, in contrast, objects to the nature and quality of Robinson Brog's services, and contends that it took various actions without his authorization. As noted above, the Court expresses no view on the merits of the dispute between Reynold and Robinson Brog.

ordered the payment of those fees from the proceeds of the sale of the co-operative apartment owned by Ingrid and Reynold Olsen. This case is REMANDED to the Bankruptcy Court for proceedings consistent with this opinion.

SO ORDERED.

Dated: New York, New York
      October 26, 2005

                                            GERARD E. LYNCH
                                        United States District Judge